PETERSON, APPELLANT, *v.*
WASHINGTON COURT ATHLETIC CLUB,
APPELLEE.

(No. 1438 — Decided April 9, 1986.)

*Gregory W. Happ,* for appellant.
*Robert J. Bux,* for appellee.

BAIRD, J. This cause came on before the court upon appellant's appeal from the judgment of the Medina County Court of Common Pleas affirming the grant of a variance by the Montville Township Board of Zoning Appeals in favor of the Washington Court Athletic Club ("Washington Court"). We affirm.

Washington Court applied for a variance from Montville Township Zoning Resolution Section 310, which prohibits the construction of a swimming pool in a front or side yard. Washington Court had no backyard due to the location of its building. Washington Court sought to build a pool in its side yard, adjacent to its present building, in order to utilize present locker facilities for the new outdoor pool.

On February 25, 1985, the board sent written notice to all landowners adjacent to Washington Court that it would be conducting a hearing on the application for variance. A hearing was held on March 4, 1985. Evidence was taken from interested parties, including appellant, M.W. Peterson. The hearing was continued until March 11, 1985, at which time a motion to deny the variance was defeated. On March 14, 1985, the board passed a motion to grant the variance.

Peterson appealed to the Medina County Court of Common Pleas. The court affirmed the board's grant of the variance. Peterson appeals.

Assignment of Error I

"It is error for a Court of Common Pleas not to declare void a zoning variance granted in violation of the jurisdictional mandates of O.R.C. Sec. 519.14 and O.R.C. Sec. 519.15."

On its face, Peterson's assignment of error is an accurate statement of the law. However, in this case, the variance properly was granted in compliance with the terms of R.C. Chapter 519.

Peterson argues that the board's power to authorize a variance under R.C. 519.14(B) is conditioned upon the existence of an appeal under R.C. 519.14(A). His position is not supported by the terms of R.C. 519.14 or by the Ohio Revised Code rules of construction, R.C. Chapter 1.

A board of zoning appeals is empowered to:

"(A) Hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of sections 519.02 to 519.25 of the Revised Code, or of any resolution adopted pursuant thereto;

"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;

"(C) Grant conditional zoning certificates for the use of land, buildings, or

other structures if such certificates for specific uses are provided for in the zoning resolution.

"(D) Revoke an authorized variance or conditional zoning certificate granted for the extraction of minerals, if any condition of the variance or certificate is violated." R.C. 519.14.

These powers are separate and distinct; none is a subdivision of another.

Peterson asserts that the use of the similar terms "hear and decide appeals" and "upon appeal" in R.C. 519.14(A) and (B) would render the two sections inseparable. His assertion does violence to the presumptions that:

" * * * The entire statute is intended to be effective;

" * * * A just and reasonable result is intended * * *." R.C. 1.47(B) and (C).

Clearly, R.C. 519.14(A) provides a remedy where, through an *erroneous* decision, an unjust result occurs in the enforcement of a zoning resolution. An injured party may appeal such decision in the sense of transferring a case from an inferior to a higher tribunal, in the hope of reversing the decision of the former. I Oxford English Dictionary 398. R.C. 519.14(B) provides a remedy where, *without error*, an unjust result occurs in the enforcement of a zoning resolution. The injured party appeals to the board in the sense of calling to a recognized authority for decision in his favor. I Oxford English Dictionary 398. The problems to be solved are discrete; the remedies therefor must be unique. Hence, an appeal from a decision under R.C. 519.14(A) cannot be considered a precondition to an appeal for a variance under R.C. 519.14(B). To adopt Peterson's interpretation would render R.C. 519.14(B) virtually meaningless and would preclude the "just and reasonable result" intended by the legislature. R.C. 1.47.

The first assignment of error is overruled.

## Assignment of Error II

"It is error for a Court of Common Pleas not to reverse when the granting of a Township Zoning Variance was on less than a showing of unnecessary hardship."

Contrary to Peterson's assertion, the record supports a conclusion that the variance *was* granted upon a showing of unnecessary hardship. The record reveals that, at the hearing before the board, there were drawings submitted which indicate that the Washington Court building was constructed in the only feasible location. Two ravines dissect the property; it would have been nearly impossible to place the structure in any other position. The ravine behind the building effectively prohibits the construction of a swimming pool in the backyard.

These unique features, which prevent construction in compliance with township zoning resolutions, are exactly the special conditions which zoning variances were designed to resolve. R.C. 519.14(B). The record amply supports the board's and the trial court's conclusions: prohibiting Washington Court from constructing a swimming pool in its side yard would constitute an unnecessary hardship under R.C. 519.14. However, we are compelled to note that a showing of "practical difficulties" would have sufficed, under Ohio law, to support the grant of a variance which relates solely to area requirements. *Kisil* v. *Sandusky* (1984), 12 Ohio St. 3d 30. Thus, there is no merit to appellant's claim that "no court" has adopted a "practical difficulties" rule.

Furthermore, this case can be distinguished from those cited by appellant as mandating the denial of a variance where the hardship was self-inflicted. *Consolidated Mgmt., Inc.* v. *Cleveland* (1983), 6 Ohio St. 3d 238; *FRC of Kamms Corner* v. *Cleveland Bd. of Zoning Appeals* (1984), 14 Ohio App. 3d 372. In *Consolidated Mgmt., Inc.* v.

*Cleveland,* the board, which granted the use variance, failed to set forth any particular hardship in its finding. The trial court then "affirmed the board's finding without requiring any affirmative evidence of unreasonable hardship or practical difficulty * * *." *Consolidated Mgmt., Inc.* v. *Cleveland, supra,* at 241. Here, the record reveals evidence and findings of unnecessary hardship in that topographical features of the land precluded compliance with Zoning Resolution Section 310.

In the *FRC of Kamms Corner* case, the owner had acted in direct contravention of a zoning ordinance and merely sought to continue such noncompliance. Furthermore, the court noted that the evidence did not indicate that the owner would suffer unnecessary hardship if the ordinance were enforced. *FRC of Kamms Corner, supra,* at 375. Here, the evidence shows that Washington Court would be subjected to an unnecessary hardship if it were denied the area variance.

The second assignment of error is not well-taken.

### Assignment of Error III

"It is error for a Court of Common Pleas not to reverse the granting of a zoning variance which is against the public interest and is arbitrary and capricious."

In an appeal of the grant of a variance, the burden rests squarely upon appellant to prove that the grant was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the record as a whole. R.C. 2506.04. *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298 [67 O.O. 2d 358]. Peterson did not meet his burden in this case.

Appellant's case has been reviewed extensively; the board of zoning appeals and the court of common pleas both have ruled that the grant of a variance is proper. The variance is not contrary to the public interest. The topography of the land dictates the locations of the building and the swimming pool; literal enforcement of the zoning resolution would result in unnecessary hardship. The spirit of the zoning resolution will be observed; the front and side setbacks in the approved location are far greater than required for a backyard pool. Finally, substantial justice will be done if the variance is granted. As noted before, this is precisely the situation for which zoning variances were designed.

We find that the common pleas court correctly affirmed the grant of the variance. The third assignment of error is overruled.

Since it does not seek a reversal of the trial court's result, the appellee's cross-appeal was presumably defensive in nature, becoming viable only in the event of a reversal on the basis of the matters raised by the appellant. In view of our disposition of the balance of the case, we do not address the cross-assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.