ZANGARA, Appellant,

v.

**TOWNSHIP TRUSTEES OF CHESTER TOWNSHIP et al., Appellees.**

[Cite as *Zangara v. Chester Twp. Trustees* (1991), 77 Ohio App.3d 56.]

Court of Appeals of Ohio,
Geauga County.

No. 90–G–1581.

Decided Sept. 3, 1991.

*Lawrence J. Dolan,* for appellant.

*David P. Joyce,* Geauga County Prosecutor, and *Forrest W. Burt,* Assistant County Prosecutor, for appellees.

NADER, Judge.

This appeal has been placed upon the court's accelerated calendar, and it is from the trial court's judgment entry affirming the decision of the Chester

Township Board of Zoning Appeals, which denied a variance request made by appellant, Nat Zangara.

Appellant Nat Zangara, is co-owner of two identical lots situated on opposite corners of Vincent Drive and Mayfield Road in Chester Township. On September 14, 1987, appellant filed applications for zoning certificates to split the above lots.

Appellee George Gabanic, the zoning inspector, denied the certificates the same day for failing to comply with Section 4.9 of the Chester Township Zoning Resolution, which requires 1.5 acres minimum lot size.

On September 21, 1989, appellant filed his appeal from the zoning inspector's decision. A public hearing on the variance requests was held on October 16, 1989, after which the board made the following findings of fact:

"Both appeals are identical. Applicant is the owner of a parcel of land located at the corner of Vincent and Mayfield. Dividing the land located within the Vincent and Mayfield right-of-way, the land measures 367.94 feet north to south and 366.78 feet east to west. The land as it is now subdivided measures 3.098 acres. Their request for a variance is that the property be subdivided into two parcels, one of which would measure 1.45 acres and the other would measure approximately 1.16 acres, exclusive of the right-of-way. The lots proposed would measure 150 feet fronting on Vincent, and the second would measure 187.94 feet, also measuring on Vincent. The depth for each lot would be 367.78 feet. When the lot was first subdivided, testimony has shown original zoning required three acres. Subsequent to the subdivision, zoning was changed to 1.5 acres and a minimum frontage of 150 feet. The first request would be of .05 acres for the northern most parcel and .34 acres for the southern most parcel. The applicant has alleged practical difficulties in that the zoning was changed subsequent to the subdivision of the property. Block A is buildable but it is the position of the property owner that practical difficulties entitle him to make the lots split as proposed in the applications for a variance. he [sic] has been paying taxes since 1950."

Based upon these findings, the board denied both variance requests by a two to two vote. On November 2, 1989, appellant filed separate notices of his intent to appeal the denial of each request with the Geauga County Court of Common Pleas pursuant to R.C. Chapter 2506. The two appeals were subsequently consolidated. The matter was then submitted upon the record and briefs of counsel without oral argument, and, on June 6, 1990, the trial court affirmed the board of zoning appeal's action. It is from this decision that appellant now appeals, raising the following assignment of error:

"The trial court erred in determining that the appellant was required to show unnecessary hardship, rather than practical difficulties, in order to obtain an area variance from the Chester Township Zoning regulations."

Appellant contends that the trial court erred in failing to apply the less strict standard of practical difficulties to his request for area variances. Appellant relies on *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 23 OBR 212, 491 N.E.2d 692, and *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 12 OBR 26, 465 N.E.2d 848, and argues that the Ohio Supreme Court has limited the use of the traditional unnecessary hardship test to applications for area variances.

Appellee argues that the trial court applied the appropriate standard, as the practical difficulties standard does not apply to townships. The trial court agreed, stating:

"One issue is dispositive. This Court holds that area variances in townships are governed by the language of Revised Code 519.14(B). A contrary holding would be a baseless usurpation of legislative function. This court will not presume to interpret the Ohio Supreme Court's decisions in *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30 [12 OBR 26, 465 N.E.2d 848] or *Duncan v. Middlefield* (1988) [*sic*], 23 Ohio St.3d 83 [23 OBR 212, 491 N.E.2d 692] as declarations that Revised Code 519.14(B) is unconstitutional as applied to area variances. In fact, no statutory standard, let alone the specific standard of Revised Code 519.14(B), was cited in either of these cases. Where legislative intent is clear, judicial philosophy should fear to tread."

This court disagrees with the trial court's conclusion that the "clear" statutory mandate of R.C. 519.14(B) precludes the application of the "practical difficulties" standard to the issuance of area variance in township zoning cases. It is apparent from the Ohio Supreme Court's decisions in *Kisil, supra,* and *Duncan, supra,* that the burden of establishing practical difficulty or unnecessary hardship depends upon the *type* of variance requested. In *Kisil* the Supreme Court held in the syllabus:

"The standard for granting a variance which relates solely to the area requirements should be a lesser standard than that applied to variance which relates to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties."

In adopting the lesser practical difficulties standard for area variances, the Supreme Court noted that " '[w]hen the variance is one of area only, there is no change in the character of the zoned district and the neighborhood considerations are not as strong as in a use variance.' " *Kisil,* 12 Ohio St.3d at 33, 12 OBR at 28, 465 N.E.2d at 851 (quoting *Matter of Hoffman v. Harris*

[1966], 17 N.Y.2d 138, 144, 269 N.Y.S.2d 119, 123, 216 N.E.2d 326, 329); See, also, *Duncan*, 23 Ohio St.3d at 86, 23 OBR at 214, 491 N.E.2d at 695.

Although both *Kisil* and *Duncan* involved municipalities rather than townships, this court believes that the Supreme Court intended a unified standard of review in area variance cases notwithstanding the language contained in R.C. 519.14. This belief is based upon the fact that the underlying *character type* of an "area" variance or "use" variance *does not change depending upon whether application is made to a municipal or township authority.* Regardless of the distinctions between municipalities and townships, one simple fact remains the same: *area variances do not alter the character of the zoning district and neighborhood considerations are less significant than in use variance cases.* Accordingly, this court will apply the holding of the Fifth District in *Barr v. Monroe Twp. Bd. of Zoning Appeals* (May 23, 1990), Licking App. No. CA–3499, unreported, 1990 WL 70101, adopting the practical difficulties standard in township area variance exercises.

While this court has not previously addressed the distinction between municipalities and townships as framed in the instant case, this court's prior decisions in *Fulmer v. Randolph Twp.* (Sept. 30, 1988), Portage App. No. 1815, unreported, 1988 WL 102610, and *In re Appeal Hixson's Flowers* (Feb. 10, 1989), Geauga App. No. 1458, unreported, 1989 WL 11286, lend support to the conclusion that the lesser, practical difficulties standard is applied in *all* area variance cases.

Further, in *Peterson v. Washington Ct. Athletic Club* (1986), 28 Ohio App.3d 90, 28 OBR 133, 502 N.E.2d 252, the Ninth District noted that under R.C. 519.14(B) " * * * a showing of 'practical difficulties' would have sufficed, under Ohio law, to support the grant of a variance which relates solely to area requirements." *Id.* at 92, 28 OBR at 135, 502 N.E.2d at 254 (citing *Kisil, supra.*)

Therefore, we find that the proper standard to be applied to the instant case is that of practical difficulties. The trial court previously determined its position if this standard were applied to the case, stating:

"However, if Revised Code 519.14(B) were held unconstitutional and/or the 'practical difficulties' philosophy were applied to the record of this case, this Court would reverse the board of zoning appeals and order the issuance of the requested variances."

Accordingly, the decision of the trial court is hereby reversed. Judgment is entered for appellant ordering the issuance of the requested variances.

*Judgment reversed.*

FORD, P.J., concurs.

CHRISTLEY, J., dissents.

CHRISTLEY, Judge.

I respectfully dissent.

The problem with this case is the interpretation of the Ohio Supreme Court cases, *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 12 OBR 26, 465 N.E.2d 848, and *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 23 OBR 212, 491 N.E.2d 692.

Those cases stand for the proposition that an applicant for an area variance need only show practical difficulty rather than unnecessary hardship. The difficulty in applying those cases to the instant fact situation is that those two cases did not argue or distinguish between a municipal zoning board as opposed to a township board of zoning appeals. Both *Kisil* and *Duncan* involved municipalities rather than townships; however, the distinction between the two is not raised in either case.

There are also two similar cases from this district which, at first glance, seem to support the wholesale application of *Kisil* and *Duncan* to the townships. However, like *Kisil* and *Duncan*, neither of these cases addressed the issue directly. Thus, the pertinent pronouncements in them are, at best, dicta. See *Fulmer v. Randolph Township* (Sept. 30, 1988), Portage App. No. 1815, unreported, 1988 WL 102610; and, likewise, *In re Appeal Hixson's Flowers* (Feb. 10, 1989), Geauga App. No. 1458, unreported, 1989 WL 11286.

Other districts have also adopted the practical difficulties standard in township area variance settings. The Fifth District considered almost exactly the identical issue in *Barr v. Monroe Twp. Bd. of Zoning Appeals* (May 23, 1990), Licking App. No. CA–3499, unreported, 1990 WL 70101. Specifically, the board of zoning appeals, in that case, argued that *Duncan, supra,* was inapplicable to it since *Duncan* involved a municipal zoning ordinance, not a township regulation. The Monroe Township Board of Zoning Appeals further urged in light of the language contained in R.C. 519.14 that the court of common pleas should use the unnecessary hardship standard rather than the practical difficulties test of *Duncan.*

The Licking County Court of Appeals in *Barr* affirmed the court of common pleas decision stating that *Duncan* does not require so narrow a reading, and further held that the trial court did not err in applying the test articulated in *Duncan.* Accord *Peterson v. Washington Ct. Athletic Club* (1986), 28 Ohio App.3d 90, 92, 28 OBR 133, 134–135, 502 N.E.2d 252, 254; *Ebosh v. Haydn* (Apr. 6, 1988), Lorain App. No. 4229, unreported, 1988 WL 37623.

While I agree with the underlying logic of *Kisil* and *Duncan,* I cannot argue with the common pleas judge's conclusion that the clear statutory mandate present in R.C. 519.14(B) precludes the application of *Kisil* and *Duncan* to township zoning cases.

R.C. 519.14(B) states:

"Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in *unnecessary hardship,* and so that the spirit of the resolution shall be observed and substantial justice done[.]" (Emphasis added.)

I would, therefore, affirm.