OPINION
{¶ 1} Appellant, Thomas W. Sloe, appeals from the judgment of the Geauga County Court of Common Pleas.
{¶ 2} Appellant is the owner of a parcel of real estate located in the Commercial Service ("CS") zoning district of Russell Township, whereon he operates a business known as Russell Automotive. Appellant purchased the real property and the automotive service and repair business in 1979 from the previous owners, who had been granted a "conditional variance" in 1977 permitting them to sell and store new auto accessories and parts and to perform routine repair and maintenance subject to ten conditions.
{¶ 3} Although the Russell Township Zoning Resolution as it existed in 1977 permitted the operation of a service garage as a conditional use, the Russell Township Board of Zoning Appeals ("BZA") referred to its authorization of the auto parts and repair business as a "conditional variance." Historically, the BZA first used the term "conditional variance" and then later used the term "conditional use" to denote conditional use, as set forth in Section 6 of the Russell Township Zoning Resolution. Therefore, although the 1977 Russell Township Zoning Resolution authorized service garages, the BZA characterized its 1977 approval to the previous owners of the property known as Russell Automotive as a "conditional variance," rather than a conditional use. Because the BZA and the parties use the term "conditional variance," for the sake of convenience we will do the same.
{¶ 4} Appellant purchased the real property and the business knowing that it was subject to ten conditions, including prohibitions against the: (1) sale of tires; (2) performance of bodywork; and, (3) storage of vehicles on the property. Appellant operated Russell Automotive pursuant to this "conditional variance," until 2000.
{¶ 5} On February 3, 2000, appellant applied for a zoning certificate permitting the construction of an addition to the existing commercial building, which was subsequently denied by the Russell Township zoning inspector because the proposed addition would violate the rear property set back line restriction.
{¶ 6} On the same day, February 3, 2000, appellant requested a modification of the existing "conditional variance," granted to the previous owners in 1977, in order to permit the sale of tires, performance of bodywork, and storage of vehicles on the premises. Appellant submitted this request by filing a preprinted form captioned "Notice of Appeal (Requesting a Variance)" with the Russell Township Board of Zoning Appeals ("BZA"). Appellant was not appealing from a decision of an administrative official; instead, he was requesting modification of the "conditional variance" granted to his predecessors in title, in 1977.
{¶ 7} The BZA heard appellant's request on February 22, 2000, April 26, 2000, and May 22, 2000. During the hearings, appellant and residents of Russell Township presented testimony and evidence regarding appellant's request to modify the existing "conditional variance."
{¶ 8} On May 9, 2000, appellant submitted a revised request for a variance form seeking: (1) to modify the existing conditional variance to allow the sale of tires, performance of bodywork, and storage of vehicles on the property; (2) to modify the existing variance to permit the sale of vehicles on the premises; and, (3) a variance permitting the construction of an addition to the existing building, creating a total building area greater than 5,000 square feet.
{¶ 9} At the May 22, hearing, appellant withdrew his application for an area variance authorizing the construction of an addition and his request for permission to sell vehicles on the premises. The BZA voted to grant appellant a variance allowing the sale of tires on the premises; however, it denied appellant's request for a variance permitting the performance of bodywork. Appellant withdrew his request to store vehicles on the property.
{¶ 10} At the BZA's June 26, 2000 meeting, appellant requested that he either be permitted to withdraw his request for a variance allowing the performance of bodywork, or, that the BZA reopen the hearing so that he could bring in experts. The BZA denied appellant's requests. Further, appellant asked that the BZA postpone the approval of the minutes of the May 22, 2000 meeting for thirty days "for a legal opinion and for him to consult with his attorney." Approval of the minutes was postponed until July 24, 2000, at which time the BZA approved the findings of fact and minutes of the May 22, 2000 and June 26, 2000 hearings
{¶ 11} Appellant appealed raising the following assignments of error for our review:
 {¶ 12} "[1.] The lower court erred in affirming Russell Township Board of Zoning Appeals' decision denying Appellant's request for a modification of an existing conditional variance, and treating such request to modify as a variance request.
 {¶ 13} "[2.] The lower court erred in affirming Russell Township Board of Zoning Appeals' decision denying Appellant's request for a modification of an existing conditional variance, because conditional variances are not authorized by Russell Township's Zoning Code.
 {¶ 14} "[3.] The lower court erred in affirming Russell Township Board of Zoning Appeals' decision denying appellant's request for a modification of an existing conditional variance, when the actions of the Board of Zoning Appeals were unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable[,] and probative evidence on the whole record.
 {¶ 15} "[4.] The lower court erred in affirming Russell Township Board of Zoning Appeals' decision denying appellant's request to withdrawal [sic] Appellant's request for a modification of an existing conditional variance."
{¶ 16} In appellant's first assignment of error, he argues that neither the BZA nor the trial court had jurisdiction to convert his request to modify a conditional variance to a request for a variance, because R.C. 519.14(B) only authorizes variances upon appeal to the BZA.
{¶ 17} R.C. 519.14 provides, in relevant part:
{¶ 18} "The township board of zoning appeals may:
 {¶ 19} (A) Hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of sections 519.02 to 519.25
of the Revised Code, or of any resolution adopted pursuant thereto;
 {¶ 20} (B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;
 {¶ 21} (C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution.
{¶ 22} * * *"
{¶ 23} R.C. 519.14(B) provides a remedy where, without error, an unjust result occurs in the enforcement of a zoning resolution. Petersonv. Washington Ct. Athletic Club(1986), 28 Ohio App.3d 90, 92. "[A]n appeal from a decision under R.C. 519.14(A) cannot be considered a precondition to an appeal for a variance under R.C. 519.14(B)." Id. Accordingly, appellant's contention that a decision by the zoning inspector is required to invoke the appellate jurisdiction of the BZA under R.C. 519.14(B), is incorrect.
{¶ 24} Further, we note that appellant failed to raise this issue before the BZA or the court of common pleas. Failure to object or raise an issue at an administrative hearing constitutes a waiver of that error on appeal to the court of common pleas. Alberini v. Warren Twp. Bd.Trustees (Nov. 17, 1989), 11th. Dist. No 4083, 1989 Ohio App. LEXIS 4291. Generally, "reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." Goldbergv. Indus. Comm. (1936), 131 Ohio St. 399, 404. Therefore, because appellant did not present this argument below, he has waived any assertion of error upon appeal.
{¶ 25} Moreover, appellant presented his request to modify the existing "conditional variance" as a request for a variance. In fact, the instant appeal stems from appellant's February 3, 2000 notice of appeal to the BZA, wherein appellant requested a variance. On May 9, 2000, appellant modified his notice of appeal, seeking three variances. As such, appellant is estopped from arguing that the BZA and the trial court improperly treated his "Notice of Appeal (Requesting a Variance)" as a request for a variance.
{¶ 26} Appellant's first assignment of error is without merit.
{¶ 27} In appellant's second assignment of error, he argues the lower court erred in affirming the BZA's decision denying his request to modify the existing variance to allow the performance of bodywork on the premises. In support of his argument, appellant argues that neither R.C.519.14, nor the Russell Township Zoning Resolution authorizes conditional variances.
{¶ 28} Review of the record reveals that appellant requested a modification of the existing conditional variance, ergo, appellant requested that conditions be placed on the variance. Appellant now contends that neither the BZA nor the trial court is authorized to place conditions on a variance. Because appellant requested that conditions placed on the variance be modified, he was actively responsible for a ruling he now claims to be error. The doctrine of invited error provides that a litigant may not "take advantage of an error which he himself invited or induced." Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.
(1986), 28 Ohio St.3d 20, paragraph one of the syllabus, citing Lesterv. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus. We therefore overrule appellant's second assignment of error.
{¶ 29} Although we overrule this assignment of error on the basis of the invited-error doctrine, we note that appellant's contention that conditional variances are per se unconstitutional lacks merit. This court has previously held that conditional variances granted by the BZA, pursuant to R.C. 519.14(C), are constitutionally permissible so long as the BZA applies and interprets existing law and does not promulgate new law. Powerall Inc., v. Chester Township Trustees (Dec. 9, 1983), 11th. Dist. No. 1037, 1983 Ohio App. LEXIS 11199, at *6.
{¶ 30} Further, we note that that the existing Russell Township zoning resolution requires the BZA's approval of the operation of a service garage within a CS zone and specifically prohibits "major body repair" because of the potential hazards, including fire, noxious or offensive fumes, odors, and noise, associated with service garages. In this case, the BZA determined that the zoning resolution does not obligate them "to expand any condition that is noxious, disturbing, or offensive. As such, major body work would not be in accord with the overall zoning goals of Russell Township, and would adversely affect the adjacent residential property." Accordingly, the prohibition of bodywork was a condition provided for and "specifically authorized by a zoning resolution, which was adopted by the township trustees — a legislative body." Powerall, supra, at *7. Appellant's second assignment of error lacks merit.
{¶ 31} In appellant's third assignment of error, he argues that the court of common pleas erred in affirming the decision of the BZA because the BZA failed to consider the appropriate legal standard in evaluating appellant's requests.
{¶ 32} Further, appellant argues that no variance is necessary because the performance of body work was just "an expansion and/or continuation of his legal pre-existing use." However, as noted, supra, appellant asked the BZA to treat his request to perform body work as a request for a variance, not as an extension of a nonconforming use.
{¶ 33} Because appellant did not raise either of these issues in the court of common pleas; therefore, appellant has waived any error as presented by his third assignment of error. Goldberg, supra. Accordingly, appellant's third assignment of error is without merit.
{¶ 34} In appellant's fourth assignment of error, he argues that the BZA erred in denying his motion to withdraw his request for a variance, permitting the performance of bodywork, since his request was made before the decision was final.
{¶ 35} Review of the record reveals that appellant did not unequivocally withdraw his request for a variance, on June 26, 2000. Rather, after all the evidence had been presented and the BZA had voted to deny appellant's request, he asked the BZA either to withdraw his request or reopen the hearings so that he could bring in expert witnesses. The BZA denied his request stating that hearing was closed and that the item had been voted on, at the May 22, 2000 hearing. Appellant then requested that the BZA postpone voting on the minutes of the May 22, 2000 meeting, which the BZA agreed to do.
{¶ 36} Generally, an administrative board's decision becomes a final order only after it has been journalized, i.e. put in written form, subsequently approved, and filed. However, prior to the final decision, the BZA has the discretion to determine that the hearing on a matter is closed and that no further evidence will be heard on the matter. Appellant does not cite any legal authority prohibiting the BZA from denying a motion to withdraw a request for a variance after the hearing on the matter is closed and the item has been voted on. Thus, even if appellant had unequivocally moved to withdraw his request, the BZA had discretion to deny his untimely request since the hearing was closed and the BZA had voted on the item. As the trial court correctly stated, to hold otherwise would allow applicants to present their evidence, see how the BZA votes, and then withdraw their applications before the minutes are voted on, thereby allowing litigants to repeatedly retry their cases until they obtain a favorable result.
{¶ 37} Further, the trial court did not err in delaying the approval of the minutes of the May 22, 2000 and June 26, 2000 meetings, until July 24, 2000. Administrative boards routinely reduce their decisions into a written form after the date of the hearing, which is subsequently approved and filed. Accordingly, appellant's fourth assignment of error is without merit.
{¶ 38} Based on the foregoing, the judgment of the Geauga County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J. concur.