DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, John Langan, et. al., appeal the judgment of the Lorain County Court of Common Pleas affirming a variance request granted by the Avon Lake Board of Zoning Appeals. We affirm the decision of the trial court.
 {¶ 2} Kopf Construction Co. (Applicant) applied to the Avon Lake Board of Zoning Appeals requesting a zoning variance reducing the minimum width of the side yard set backs from 35 feet to 10 feet on Lots 69 and 78 in the Legacy Pointe PUD (planned unit development) Subdivision No. 3. Applicant submitted the application for the variance on behalf of Legacy Pointe, Ltd., the owner of the real property in question. Applicant is the general contractor for the homes being built in the Legacy Pointe PUD.
 {¶ 3} Applicant was granted its request on February 24, 2004, with the contingency that "a substantial landscape barrier be erected to shield the existing adjacent landowners from the home on S/L 69 and 78." On March 5, 2004, Appellants, home owners whose properties adjoin lots 69 and 78, appealed the decision granting the above mentioned variance to the Lorain County Court of Common Pleas. Per journal entry dated December 14, 2004, the Lorain County Court affirmed the decision of the Zoning Board of Appeals, finding that such decision was "not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence."
 {¶ 4} Appellants appeal the decision of the Lorain County Court of Common Pleas, asserting twelve assignments of error for our review. To facilitate ease of discussion, we will consider all of Appellants' assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance, a 71.43% reduction in the setback requirement, not needed for the reasonable use of the property[.]Trademark Homes v. Avon Lake Bd. of Zoning Appeals (1992), 92 [Ohio App.3d] 214."
 ASSIGNMENT OF ERROR II
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance, a 71.43% reduction in the setback requirement, is tantamount to a rezoning, an illegal and unlawful exercise of legislative power[.] Trademark Homes, [supra.]."
 ASSIGNMENT OF ERROR III
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance, a 71.43% reduction in the setback requirement, adopting the planning commission's practice and policy within PUD developments to reduce the side set backs requirements for single family dwelling units to the same set backs requirements for R-1 Subdivisions is the illegal and unlawful exercise of legislative power[.]State ex. rel. Adams v. Pendleton (1955), 100 [Ohio] App. 1."
 ASSIGNMENT OF ERROR IV
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance not needed for the reasonable use of the property. Stickelman v. Harrison Twp. Bd. of Zoning Appeals (2002), 148 [Ohio App.3d] 190."
 ASSIGNMENT OF ERROR V
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance for a practical difficulty self created and self imposed by the applicant developer. Consolidated Management, Inc.v. Cleveland (1983), 6 [Ohio St.3d] 238."
 ASSIGNMENT OF ERROR VI
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance where the applicant developer had knowledge of the zoning restrictions regarding the set backs requirements.Consolidated Management, [supra.]"
 ASSIGNMENT OF ERROR VII
"The trial court erred in affirming the Board of Zoning Appeals [grant] of a substantial variance having a detrimental effect on the surrounding abutting properties."
 ASSIGNMENT OF ERROR VIII
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance for a property which does not posses any unique or special circumstance or characteristics."
 ASSIGNMENT OF ERROR IX
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance where the practical difficulty is readily remedied by the applicant developer."
 ASSIGNMENT OF ERROR X
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance which conflicts with the spirit and intent of the zoning code causing an injustice upon the surrounding and abutting property owners Trent v. German Twp. Bd. of Zoning Appeals (2001), 144 [Ohio App.3d] 7."
 ASSIGNMENT OF ERROR XI
"The trial court erred in affirming the Board of Zoning Appeals grant of a substantial variance which amounts to a special privilege for the applicant developer."
 ASSIGNMENT OF ERROR XII
"The trial court erred in affirming the Board of Zoning Appeals grant of the substantial variance due to the conflict of interest of Mr. Kerner [which] denies the Appellant their constitutional due process right to a fair and impartial hearing[.] Ward v. Monroeville (1972), 409 US 57[.]"
 {¶ 5} In each of their twelve assignments of error, Appellants claim that the trial court erred in affirming the decision of the Avon Lake Board of Zoning Appeals granting a variance on behalf of the Applicant. We disagree.
 {¶ 6} This case is an administrative appeal under R.C. 2506. The standard of review that an Appellate court applies to an R.C. Chapter 2506 administrative appeal differs from the standard of review that the trial court applies. The trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henleyv. City of Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St. 3d 142,147. An appellate court's review of an R.C. 2506 appeal, however, is "more limited in scope." Id., quoting Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34.
`"This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Id. (Citations omitted).
 {¶ 7} The instant R.C. 2506 appeal presented for our review involves a side setback zoning variance. Legacy Pointe, Ltd. is the owner of the real property in question located in Avon Lake, Ohio. The property was initially classified as an R-1 property, which imposed a 10-foot side setback zoning restriction. The parties agree that the property at issue could have been developed as an R-1, an R-1A or a PUD subdivision. An R-1 or R1-A development has a 10-foot side set back zoning restriction. A PUD development has a 35-foot side set back zoning restriction. Aware of the zoning restrictions, the developer (Applicant) applied to have the property at issue classified as a PUD rather than a R-1 or R-1A property.
 {¶ 8} The purpose of classifying the property as a PUD rather than an R-1 or R-1A, according to Applicant, would be to provide the PUD homeowners an opportunity to be part of the overall Legacy Pointe Development; the homeowners would belong to a homeowners association which provides for common landscaping, a common neighborhood theme and a recreation complex. R-1 or R1-A properties would not have the same benefits. There would be no difference in the structures if the homes were classified as PUD with a variance, R-1 or R-1A properties. The benefit to having the homes classified as PUD rather than R-1 Single Family homes is to provide the PUD property owners with the benefits mentioned above. Taking the above issues into consideration, the Planning Commission approved Legacy Pointe Subdivision Phase 3 as a PUD on February 10, 2004, as a PUD with a notation that a variance would be needed.
 {¶ 9} On February 24, 2004, after conducting a hearing and voting on the matter, the Avon Lake Zoning Board of Appeals approved Applicant's petition for a zoning variance changing the requirement imposed on the approved PUD from a 35-foot side set back to a 10-foot side set back. Thus, the variance at issue is an area variance which lessens the area between adjoining properties rather than a use variance. "An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties." Duncan v.Middlefield (1986), 23 Ohio St.3d 83, 85, quoting Kisil v. Sandusky,
syllabus. {¶ 10} The lower court found, and we agree, that the Applicant demonstrated practical difficulties if the area variance were denied. When asked at the February 24th Zoning Board of Appeals hearing what options were available if the variance were denied, Applicant responded that they would have to go back to the planning commission and present the same layout as the one currently in use but would seek to have the layout classified as an R-1 or R-1A standard subdivision rather than a PUD. Thus, if the zoning variance were denied, construction and progress in general would be delayed, the parties would have to be re-notified, and Applicant would have to re-apply to the planning commission as an R-1 or R-1A.
 {¶ 11} Essentially, there were two choices regarding the variance application: first, the property would remain classified as a PUD property and the zoning variance would be granted, or second, the zoning variance would be denied and the property would be reclassified as an R-1 or R-1A property. In either event, Appellants would end up with a neighbor whose property would be 10 feet away from their own.
 {¶ 12} Contrary to Appellant's arguments, a property owner is not deprived of the right to establish practical difficulties by virtue of the fact that he purchased the property knowing of the zoning restrictions that he now seeks to alter by application of a zoning variance. Kisil at 33; Consolidated Mgmt. Inc. v. Cleveland (1983),6 Ohio St.3d 238.
 {¶ 13} The Supreme Court adopted a list of factors to be considered in determining whether an applicant for an area variance has encountered practical difficulties. The factors include, but are not limited to:
"(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Duncan,23 Ohio St.3d at 86.
 {¶ 14} There is no question that the property at issue would yield a reasonable return to the property owner if it were to be classified as an R-1, R-1A or PUD property. In any event, the property owner would develop a number of single family homes for purchase. Having the benefit of the PUD classification may make the homes more desirable, but an alternate classification would yield a substantial return to the owner, plus the homes would still be marketable for purchase as single family homes.
 {¶ 15} Skipping momentarily over the second factor, we turn to whether or not the character of the neighborhood would be altered or whether adjoining property owners would suffer a substantial detriment as a result of the variance. A variance is permitted where the "essential character of the neighborhood would not be substantially altered by granting the variance." Rydbom v. Palmyra Twp. Bd. of Zoning Appeals
(1998), 11th Dist No. 97-P-0086 at 7. Furthermore, the Supreme Court noted that "[w]hen the variance is one of area only, there is no change in the character of the zoned district and the neighborhood considerations are not as strong as in a use variance." Zangara v. Twp.Trustees of Chester Twp. (1991), 77 Ohio App.3d 56, 58, quotingKisil, 12 Ohio St.3d at 33.
 {¶ 16} As the instant case involves an area variance, there is no significant change in the character of the zoned area as a result of the variance. Ten upscale single family homes will be built in Legacy Pointe Subdivision 3. Two of those ten homes will be built on the lots in question, sublots 69 and 78 which abut Appellants' homes. We see no evidence that the character of the neighborhood would be significantly different if the properties were classified as R-1 properties or PUD properties other than the presence of a community center and a common neighborhood theme in the case of a PUD classification. In fact, the variance, by requiring a "substantial landscape barrier" to be erected, provides more privacy to Appellant under a PUD classification than R-1 properties would, which do not require the landscape barrier but allow for a 10-foot side set back.
 {¶ 17} There is no argument that the variance would have any affect on the delivery of governmental services nor does either party argue that the property in question was purchased without notice of the zoning restrictions imposed on PUD properties. Further, neither party argues that the owner's zoning predicament regarding the PUD property restrictions could not be obviated through some method other than a variance; Applicant stated that had the variance not been granted, they would have sought to have the property re-classified as an R-1 or R1-A property. To do so however, would have caused a delay, increased costs, and ultimately, Appellants would still be in the same position: a neighboring house would be located 10 feet from their properties. As such, substantial justice was achieved by granting the variance.
 {¶ 18} As to the second factor, whether the variance is substantial, each party points to cases in which a variance was upheld that was either greater or less than the one at hand. In some cases where the variance was less than the one at issue, the variance was found to be substantial, while in others, where a variance was granted for a larger number of feet than the one in question, the variance was found to be insubstantial. See Dyke v. City of Shaker Heights, 8th Dist. No. 83010, 2004-Ohio-514; Trademark Homes v. Avon Lake Bd. of Zoning Appeals (1993)92 Ohio App.3d 214.
 {¶ 19} For our purposes, we focus less on the actual number of feet by which the zoning variance was granted and more on the possible final outcomes to the Appellants. Appellants desire the properties to be classified as PUD properties in order to have a 35-foot side set back. Applicant has made it clear that if the variance were not granted, Appellants still would not have a 35-foot side set back because Applicant would go back to the planning commission to re-classify the property as an R-1 or R-1A property, which allows for a 10-foot side set back. Assuming that the property would be re-classified and we have no evidence to show why it would not be, especially since it was initially classified as an R-1 property, Appellants would have neighbors 10 feet away from their properties.
 {¶ 20} In the event that the property remains a PUD with an area variance, Appellants have the added benefit of the "substantial landscape barrier" shielding their properties from those of their new neighbors. Without the variance, Appellants would still have neighbors 10 feet away but would not have the landscape barrier. In light of the fact that Appellants would end up having neighbors 10 feet away from their properties, we cannot say that the variance granted in this case, which provides for a 10-foot side set back is substantial enough to cause us to reverse the lower court's decision.
 {¶ 21} As we noted above, our standard of review of administrative appeals is limited in scope: we must affirm the decision of the common pleas court unless we find, "as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Smith v. Granville Twp. Bd. ofTrustees (1998), 81 Ohio St.3d 608, 613. Furthermore, an application for an area variance may be grated if the applicant has shown practical difficulties. Zangara, 77 Ohio App.3d at 58.
 {¶ 22} Competent and credible evidence supports the finding that Applicant would have suffered practical difficulties had the area variance not been granted. Accordingly, Appellants' twelve assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. concurs.
Moore, J. concurs, saying:
 {¶ 23} While I concur in the judgment of the majority, I write separately to address an area of concern raised by Appellees' argument to this Court.
 {¶ 24} Appellants are homeowners whose property abuts the construction site for which Appellees sought and received a variance from the PUD zoning requirement. In my opinion, the variance from 35 feet to 10 feet is substantial, as it relates to the setback requirement. Appellees assure this Court that their planned construction with perimeter landscaping and a community recreation setting will ultimately enhance the value of the surrounding property. While they may be correct, the neighboring homeowners have a different view. The Avon Lake Board of Zoning Appeals, however, saw fit to grant the variance, and the Lorain County Common Pleas Court affirmed its decision.
 {¶ 25} I am concerned, however, with one of the arguments raised by Appellees to support the variance. Appellees have asserted at each level of review that if the decision to grant a variance is denied, they will simply apply for R-1 or R-1A zoning which will result in the same 10-foot setback they sought through the variance. Appellees argued that such a procedure would be costly and delay construction. I find that interjecting that they can achieve their desired result through another process and implying that the opposition should simply abandon their arguments against the variance was improper, as it bore no relation to whether a variance was properly issued. Recognizing the limitations on the scope of our appellate review under R.C. Chapter 2506, I have no choice but to affirm the lower court.