[Cite as *Burlington Coat Factory of Texas, Inc. v. Howland Twp. Bd. of Zoning Appeals*, 2019-Ohio-2173.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BURLINGTON COAT FACTORY<br>OF TEXAS, INC., et al., | : | **O P I N I O N** |
| | : | |
| Appellants, | : | **CASE NO. 2018-T-0098** |
| | : | |
| - vs - | : | |
| | : | |
| HOWLAND TOWNSHIP BOARD OF<br>ZONING APPEALS, | : | |
| | : | |
| Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CV 00506.

Judgment: Affirmed.


*Cherry Lynne Poteet* and *Douglas W. Ross*, Daniel Daniluk, LLC, 1129 Niles-Cortland Road, SE, Warren, OH 44484 (For Appellants).

*James F. Mathews*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Appellee).


TIMOTHY P. CANNON, J.

{¶1}     Appellants, Burlington Coat Factory of Texas, Inc. and Howland Commons, LLC (collectively, "Appellants"), appeal from a decision of the Trumbull County Court of Common Pleas, affirming the denial of a variance for signage usage by the Howland Township Board of Zoning Appeals ("Appellee").  The variance denial is based on the

factoring analysis detailed in *Duncan v. Middlefield*, 23 Ohio St.3d 83 (1986) ("*Duncan*"). We affirm the trial court's judgment.

{¶2} On January 17, 2018, Appellants requested a variance with respect to a Burlington Coat Factory location at 2230 Niles-Cortland Road in Howland Township ("Burlington"). Appellants requested additional square foot area for signage due to its distance from the main roadway, which was documented in a Hardship Visibility Study submitted with the application. Burlington is set back from the roadway anywhere from 965 to 1380 feet, depending on the measure point, and is also subject to sloping, which hinders visibility. Therefore, Appellants requested an additional 50% increase in allowable signage space to increase the size of Burlington's sign.

{¶3} A hearing was conducted by Appellee on February 15, 2018, where testimony and the Hardship Visibility Study were presented. Appellee denied the application for a variance by a 4-1 vote, applying each of the *Duncan* factors for "practical difficulties," before concluding that the zoning restriction for wall signage currently in place was reasonable.

{¶4} Appellants filed an appeal in the Trumbull County Court of Common Pleas on March 15, 2018. The parties each briefed the trial court, and Appellants also submitted a "Notice of Filing Documents to Supplement the Transcript" on July 11, 2018.

{¶5} The supplemental filing contained variance applications, meeting minutes, transcripts, decisions of the board, and other documents. These documents demonstrated that at least eight other businesses in or around the shopping center where Appellants were requesting a variance for Burlington had been granted the same or similar wall sign variances—including a request for the exact same variance at the same

2

location as Burlington for the previous Linens-N-Things business. The Linens-N-Things request, which was granted, also balanced the *Duncan* factors before determining that a 50% variance was warranted. Further, the various requests included applications with more substantial wall-size requests than Appellants' and an application claiming less of a hardship by way of the distance from the main road.

{¶6} After the parties' briefings and the filing of the supplemental documentation, the trial court denied Appellants' appeal, finding the following, in pertinent part:

> The transcript and record of the hearing clearly demonstrates [sic] [Appellee] conducted its own discussion and analysis utilizing the *Duncan* factors. Despite no opposition to the request from the public, [Appellee] ultimately denied the variance request for additional signage by the majority of the board. [Appellee] issued the following relevant Findings of Fact: "Conducting an analysis under *Duncan*, a majority of the BZA finds that: (i) the Property can yield a reasonable return or there can be a beneficial use of the Property without the requested variance; (ii) the variance as requested is substantial . . . (iii) the Property owner purchased the property with knowledge of the zoning restriction; * * * (v) granting the variance would not satisfy the spirit and intent behind the zoning requirement, and substantial justice does not require granting the variance.
>
> In reviewing the decision of [Appellee] in the limited capacity this appeal provides according to the statute, the Court cannot find the decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the proper evidence.

{¶7} Appellants noticed a timely appeal and assert one assignment of error for our review:

> The trial court committed prejudicial error in affirming the decision of Appellee, Howland Township Board of Zoning Appeals, to deny the application of Appellants, Burlington Coat Factory of Texas, Inc. and Howland Commons, LLC, for an area variance to increase the square footage for wall signage at the Burlington store, as the decision was unreasonable, arbitrary and capricious.

**{¶8}** Upon review of an administrative appeal, a court of common pleas considers whether the decision to grant or deny a certificate "is unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Thereafter, an appellate court's review of the judgment of the trial court is more limited than that of the court of common pleas. *Jones v. Hubbard Twp. Bd. of Zoning Appeals*, 11th Dist. Trumbull No. 2014-T-0041, 2015-Ohio-2300, ¶7, citing *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000). "This court's review is whether, *as a matter of law*, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence." *Id.*, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984) (emphasis added). "'While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law.'" *Id.*, quoting *Carrolls Corp. v Willoughby Bd. of Zoning Appeals*, 11th Dist. Lake No. 2005-L-110, 2006-Ohio-3411, ¶10.

**{¶9}** The Supreme Court of Ohio, in *Kisil*, elaborated:

> This statute [2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of 'questions of law' for appellate court review would be *abuse of discretion* by the common pleas court.

*Kisil*, *supra*, at 34, fn. 4 (emphasis added).

**{¶10}** We recognize that the Ohio Supreme Court has delineated two standards depending on the type of variance at issue: (1) the "practical difficulties" standard for granting a variance that relates only to area requirements, and (2) the "unnecessary

4

hardship" standard for granting a variance that relates to a use variance. *Id.* at syllabus; *Duncan*, *supra*, at 85-86.

{¶11} In adopting the lesser "practical difficulties" standard for area variances, the Supreme Court stated: "[w]hen the variance is one of area only, there is no change in the character of the zoned district and the neighborhood considerations are not as strong as in a use variance." *Kisil*, *supra*, at 33 (quotation omitted).

{¶12} We note that appellate districts are not consistent as to whether townships must apply the separate standards for use and area variances, because *Kisil* and *Duncan* involved municipalities, not townships. This court has applied the separate standards for use and area variances to townships, reasoning as follows:

> Although both *Kisil* and *Duncan* involved municipalities rather than townships, this court believes that the Supreme Court intended a unified standard of review in area variance cases notwithstanding the language contained in R.C. 519.14. This belief is based upon the fact that the underlying character type of an "area" variance or "use" variance does not change depending upon whether application is made to a municipal or township authority. Regardless of the distinctions between municipalities and townships, one simple fact remains the same: area variances do not alter the character of the zoning district and neighborhood considerations are less significant than in use variance cases. Accordingly, this court will apply the holding of the Fifth District in *Barr v. Monroe Twp. Bd. of Zoning Appeals* (May 23, 1990), Licking App. No. CA–3499, unreported, 1990 WL 70101, adopting the practical difficulties standard in township area variance exercises.

*Zangara v. Twp. Trustees of Chester Twp.*, 77 Ohio App.3d 56, 59 (11th Dist.1991) (emphasis deleted). Therefore, we apply the "practical difficulties" standard to the matter sub judice.

{¶13} The "practical difficulties" standard for area variances, as outlined in *Duncan* by the Ohio Supreme Court, states:

The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, *but are not limited to*: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.*, water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.

*Duncan*, *supra*, at the syllabus (emphasis added).

{¶14} "Further, the factors listed in *Duncan* are not exclusive and a court may consider other things in making its decision." *Kennedy v. Bd. of Trustees of Milton Twp.*, 7th Dist. Mahoning No. 08 MA 263, 2010-Ohio-1405, ¶51.

{¶15} R.C. 2506.03 restricts the evidence a trial court can review on appeal from a decision of a board of zoning appeals:

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:

(a) Present the appellant's position, arguments, and contentions;

(b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3) The testimony adduced was not given under oath.

(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

{¶16} None of the circumstances contained in R.C. 2506.03(A) are applicable. None of the information filed in Appellants' supplemental filing was proffered to Appellee during the hearing on the variance. Therefore, the trial court was confined to the transcript of the proceedings and could not consider Appellants' supplemental filing.

{¶17} The order denying the variance demonstrated that Appellee considered the *Duncan* factors in detail before arriving at its decision. Some discussion was had as to the previous granting of a variance to one business in the shopping center; however, the full extent of the decisions on granting area variances was not before Appellee.

{¶18} The trial court's judgment entry indicated that it considered the Board's findings under the *Duncan* analysis and concluded that "in the limited capacity this appeal provides according to the statute, the Court cannot find the decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the proper evidence."

7

Based on a review of only the transcript and evidence presented during the hearing, the trial court did not err, as a matter of law, in concluding that the facts supported Appellee's decision by a preponderance of the evidence.

{¶19} Appellants' sole assignment of error has no merit.

{¶20} The judgment of the Trumbull County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.