DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Summit County ("the County") has appealed from the judgment of the Summit County Court of Common Pleas which affirmed the decision of the Human Resource Commission. This Court reverses.
 I {¶ 2} Defendant-Appellee Barbara Stoll began her employment with the County in the Department of Jobs and Family Services in 1972. Appellee remained employed by the County, slowly being promoted until she became a Social Program Manager. In early 2004, Appellee was contacted by the girlfriend of Appellee's ex-husband. Appellee's ex-husband, Bill Summerville, was having *Page 2 
difficulties obtaining Medicaid benefits. While not within her job description, Appellee facilitated Summerville's receipt of these benefits through discussions with Summerville's caseworker. During this time, Appellee never disclosed her prior relationship with Summerville.
 {¶ 3} On February 14, 2005, Appellee was informed that she was being terminated from her position as Social Program Manager for violating the County's procedural manual and Job and Family Service's conflict of interest policies. Appellee appealed that decision to the Human Resource Commission ("HRC"). A hearing officer heard testimony on the matter on four different dates. On November 14, 2005, the hearing officer issued findings of facts and conclusions of law. In her decision, the hearing officer concluded that Appellee had violated the above noted provisions and that the County had properly terminated her employment. Appellee filed no written objections to the hearing officer's decision.
 {¶ 4} On January 30, 2006, the matter came up before the HRC for consideration. In its order, the HRC noted that Appellee had orally objected to the hearing officer's decision and then modified the hearing officer's decision. The HRC gave no rationale for its decision, but reduced Appellee's penalty from termination to a one year suspension. The County timely appealed the HRC's order to the Summit County Court of Common Pleas under R.C. Chapter 2506. *Page 3 
 {¶ 5} In its appeal to the trial court, the County argued that the HRC had failed to follow its own internal rules and that its decision was not supported by a preponderance of substantial, reliable, and probative evidence. The trial court disagreed with the County and affirmed the HRC's order. The County has timely appealed from the trial court's judgment, raising two assignments of error for review.
 II Assignment of Error Number One "THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW WHEN IT FOUND THAT THE HUMAN RESOURCE COMMISSION'S FAILURE TO FOLLOW ITS RULES WAS LAWFUL."
 {¶ 6} In its first assignment of error, the County has argued that the trial court erred when it failed to find that the HRC's order was illegal or arbitrary. Specifically, the County has argued that the trial court failed to recognize the significance of the HRC's failure to follow its own rules. This Court agrees.
 {¶ 7} Initially, we must examine whether the trial court had jurisdiction to hear this matter. R.C. 2506.01(A) provides that the final decisions of an agency are appealable to the Court of Common Pleas. Specifically, R.C. 2506.01(C) defines an appealable order as follows:
 "As used in this chapter, `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher *Page 4 
administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."
As the HRC's order determined Appellee's rights, it was a final order under R.C. 2506.01(C). As such, we find that the HRC's decision was an issue properly appealable to the Court of Common Pleas.
 {¶ 8} R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions. See, e.g., White v. Summit, 9th Dist. No. 22398,2005-Ohio-5192, at ¶ 10. The standards of review applied by the trial court and the appellate court in a R.C. Chapter 2506 administrative appeal are distinctly different. Langan v. Bd. of Zoning Appeals, 9th Dist. No. 05CA008640, 2005-Ohio-4542, at ¶ 6. See, also, Henley v. Cityof Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
 {¶ 9} The trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."Henley, 90 Ohio St. 3d at 147. R.C. 2506.04 empowers the court of common pleas to "affirm, reverse, vacate, or modify the order, * * * or remand the cause to the officer or body appealed from with instructions to enter an order, * * * consistent with the findings or opinion of the court."
 {¶ 10} While the County's appeal to this Court is also governed by R.C. 2506.01 et seq., "[t]he standard of review to be applied by [this Court] in an R.C. *Page 5 2506.04 appeal is `more limited in scope.'" (Emphasis sic.)Henley, 90 Ohio St.3d at 147, quoting Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In Henley, the Ohio Supreme Court explained its analysis of an appellate court's review procedure stating:
 "[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted). Henley, 90 Ohio St.3d at 147.
 {¶ 11} Initially, we note that Appellee has argued that she was never served with the hearing officer's decision. Appellee continues, asserting that this failure of service results in a conclusion that she is still entitled to file objections because that time period does not begin until she has been properly served with the decision. Specifically, Appellee has argued that due to this failure of service by the hearing officer, it cannot be concluded that she erred in failing to file written objections. In support of this claim, Appellee has argued that the HRC's decision has a certificate of service, that the hearing officer's decision does not contain such a certificate, and that the hearing officer admitted to failing to serve Appellee. *Page 6 
 {¶ 12} We find no merit in Appellee's argument. First, there is no requirement that the hearing officer's decision contain a certificate of service. HRC Rule 7.10(B) only requires that the decision be mailed to all interested parties. Furthermore, there is no evidence in the record before this Court or the trial court which supports Appellee's assertion that she was not served with the hearing officer's decision. Accordingly, we proceed to review the issue of law asserted by the County.
 {¶ 13} In its first assignment of error, the County raises a specific question of law, namely whether the HRC's disregard of its internal rules causes its decision to be unlawful or arbitrary. We answer that question in the affirmative.
 {¶ 14} A review of Ohio's jurisprudence reveals that no court in this State has addressed the specific issue at hand. In Renshaw v.Cleveland (May 7, 1981), 8th Dist. No. 43141, the appellate court reversed the trial court's determination that the Civil Service Commission's judgment was illegal due to violations of internal rules. The Renshaw court, however, found that the Commission had not violated its own rules. Accordingly, that Court did not hold that a violation of the internal rules amounted to an arbitrary decision.
 {¶ 15} This Court, however, finds guidance in our precedent. We have previously discussed in general the relevance of rules of procedure.
 "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." Gibson-Myers *Page 7 Associates, Inc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, at *4, quoting Miller v. Lint (1980), 62 Ohio St.2d 209, 215.
A trial court, therefore, commits reversible error when it ignores the response time created by the Ohio Rules of Civil Procedure.Pearce, supra, at *4 (applying the above rule to Summit County Loc.R. 7.14), citing In re Foreclosure of Liens for Delinquent Taxes (1992),79 Ohio App.3d 766, 771-72. We can find no reason not to extend this logic to the administrative context.
 {¶ 16} HRC Rule 7.10(B) provides as follows:
 "The decision of the hearing officer of the Commission shall be final unless, within fourteen (14) calendar days after the date on which the decision was mailed to the last known post office address of all interested parties, objections are received by the Commission."
In turn, HRC Rule 7.11 provides as follows: "Objections, as set forth, must be in writing and must be supported by a memorandum in support and a certificate of service showing service on all interested parties." Finally, HRC Rule 7.12 provides that: "Once objections are received, the non-objecting party may respond in writing within seven (7) calendar days."
 {¶ 17} In the instant matter, it is undisputed that Appellee never filed written objections to the hearing officer's decision. It is also undisputed that Appellee never filed a memorandum in support of her objections. Moreover, the record contains no indication of when Appellee's objections were "submitted orally." Accordingly, it cannot be determined whether the County received notice of these objections or seven days to respond to the objections. *Page 8 
 {¶ 18} In our analogous precedents, we have held that under Summit County Loc.R. 7.14, "the non-moving party is entitled simply to sufficient notice of the filing of the motion, Civ.R. 5, and an adequate opportunity to respond, Civ.R. 56(C)." Brown v. Akron Beacon JournalPublishing Co. (1991), 81 Ohio App.3d 135, 139. Similarly, HRC Rule 7.11 requires that the County be given notice of the objections. In turn, HRC Rule 7.12 requires that the County be given an adequate opportunity to respond to those objections. From the record herein, it appears that neither notice nor an opportunity to respond was provided to the County. See Pearce, supra (finding that the failure to provide notice and an opportunity to respond as required by the civil and local rules is reversible error).
 {¶ 19} In response to the County's argument, Appellee has asserted that the County suffered no prejudice from the HRC's failure to follow its own rules. Specifically, Appellee has argued as follows:
 "Appellant's reliance on some sort of hyper-technicality can not be availing as there is absolutely no evidence presented that had the proper process been followed (timely mail service to Appellee followed by written objections) the Order of the HRC would have been different."
Appellee's response, however, suffers from two fatal flaws.
 {¶ 20} First, Appellee's argument relies upon her assertion that the hearing officer admitted that she failed to comply with HRC Rule 7.10(B). Specifically, Appellee argued in the trial court and has argued on appeal that the hearing officer admitted that she never mailed Appellee a copy of the decision. The record, *Page 9 
however, contains no evidence of this discussion. Accordingly, it was improper for the trial court to have considered such an argument. See R.C. 2506.03 (restricting the record of an administrative appeal). Moreover, as Appellee did object, albeit orally, to the hearing officer's decision, the sole evidence in the record indicates that Appellee did receive such a decision. Simply stated, there is no evidence in the record to support a conclusion that the hearing officer violated her duty of service under HRC Rule 7.10(B).
 {¶ 21} Appellee's argument also overlooks several key factors. By failing to file written objections, Appellee failed to create a record for review. As such, without knowing the content of Appellee's objections, the trial court could not possibly have determined whether those objections were properly sustained by the HRC. Similarly, without written objections in the record, there was no opportunity for the County to respond in writing in opposition to those objections. To accept Appellee's argument, this Court would be forced to conclude, just as the trial court was forced to conclude, that any opposition by the County would have been fruitless, i.e., Appellee's objections would have been sustained regardless of any argument raised by the County. Therein, however, lies the problem. The HRC's failure to follow its own rules first deprived the County of an opportunity to respond to the objections. In turn, those same failures by the HRC left the trial court and this Court without a record to review. We note that the HRC's failure to follow its own rules was also detrimental to Appellee. HRC Rule 7.07 provides as *Page 10 
follows: "All hearings shall be by stenographic record ordered by the Commission." If this rule had been followed, Appellee would have some record to rely upon in support of her assertions regarding statements made before the HRC.
 {¶ 22} After listening to the evidence and viewing the witnesses at four days of hearings, the hearing officer concluded that the County had properly terminated Appellee for various violations of workplace policies. Absent written objections, HRC Rule 7.10(B) should have operated to make the hearing officer's decision final. As noted above, however, this was not the result reached by the HRC. Instead, the HRC ignored its rules, and modified the hearing officer's decision relying upon orally submitted objections, effectively precluding review by the court system of the soundness of its decision. Accordingly, we cannot say that the arbitrary procedures employed by the HRC through its failure to follow its internal rules did not prejudice the County. We find, therefore, that the trial court erred when it concluded that the HRC's decision was not arbitrary. Given the detriment to both parties that resulted from the HRC's failure to follow its own rules, we remand the matter to the trial court with instructions to remand the matter to the HRC, ordering the HRC to follow its internal rules and thereby create a complete record for review. The County's first assignment of error has merit. *Page 11 
 Assignment of Error Number Two "THE COURT ERRED IN FINDING THAT THE HUMAN RESOURCE COMMISSION'S ORDER IS SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE, SUBSTANTIAL EVIDENCE."
 {¶ 23} In its second assignment of error, the County has asserted that the trial court erred in finding that the HRC's decision was supported by the appropriate quantum of evidence. Based upon this Court's resolution of Appellant's first assignment of error, Appellant's second assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).
 III {¶ 24} The County's first assignment of error is sustained. This Court declines to address the County's second assignment of error as it is moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded with instructions that the trial court remand the matter to the HRC, ordering the HRC to comply with its own internal rules.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 12 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
CARR, J.
MOORE, J.
 CONCUR *Page 1