DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Best Western Inn Suites, Champakbhai Patel, and Vrunda, Inc. appeal the decision of the Summit County Court of Common Pleas, affirming the decision of Appellees, John Donofrio, Summit County and James B. McCarthy in an administrative appeal. We affirm in part and reverse in part.
 {¶ 2} This case involves unpaid bed/lodging taxes that were assessed against Appellants Patel and Best Western Inn Suites on Montrose Avenue in Akron, Ohio ("Best Western"), allegedly a d/b/a entity of Appellant Vrunda, Inc. The Summit County Fiscal Officer ("Fiscal Officer") assessed taxes, pursuant to *Page 2 
Chapter 703 of the Codified Ordinances of Summit County ("SCO"), in the amount of $122,950.28 against Appellants on April 25, 2005, after the Fiscal Officer completed a bed-tax audit and determined no bed-taxes had been paid from February 2001 through August 2003. On May 24, 2005, Best Western filed a Petition for Reassessment challenging the calculation of the taxes, penalties and interest as well as the propriety of the assessment itself. On May 12, 2006, a hearing was held and on June 7, 2006, Appellees issued a decision ordering several changes in the April 25, 2005 assessment and providing reasoning for their decision ("Administrative Decision").
 {¶ 3} The Administrative Decision required the Summit County Fiscal Office to re-assess the property: (1) stating that Vrunda, Inc. is an entity d/b/a Best Western and that the former is responsible for all bed taxes; (2) assessing interest at the rate of 6% per annum on the unpaid tax; (3) imposing a 10% penalty for failing to file unpaid taxes only; (4) imposing a 25% penalty on unpaid taxes as a one time penalty for failure to file; and (5) ending the interest assessment period as of May 2005.
 {¶ 4} On June 30, 2006, Appellants appealed the Administrative Decision to the Summit County Court of Common Pleas. After briefing by both parties, the court issued its decision affirming the Administrative Decision ("Judgment Entry"). *Page 3 
 {¶ 5} Appellants timely appealed the Judgment Entry, raising four assignments of error.
 Assignment of Error I "The trial court erred in upholding the Fiscal Officer's decision to add a party in the middle of the assessment appeal."
 {¶ 6} Appellants assert that the trial court erred in accepting as true Appellees' finding that the vendor at the property in question was Vrunda, Inc. and that Vrunda, Inc. d/b/a Best Western Inn Suites is, therefore, responsible for the outstanding bed tax bills. Appellants assert that the record before the administrative hearing officer is void of any evidence that Vrunda, Inc., is the owner of the property in question.
 {¶ 7} Appellees argued and the trial court concluded that R.C. 1329.10
allows a business to be sued only in its trade name and that Appellants are engaged in a game of hide-and-seek by failing to disclose the fact that Vrunda, Inc. is doing business as Best Western Inn Suites or that Vrunda Inc. registered this name with the Ohio Secretary of State.
 {¶ 8} In Summit Cty. v. Stoll, 9th Dist. No. 23465, 2007-Ohio-2887, we discussed our standard of review of a R.C. 2506 appeal, holding that,
 "R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions. See, e.g., White v. Summit, 9th Dist. No. 22398, 2005-Ohio-5192, at ¶ 10. The standards of review applied by the trial court and the appellate court in a R.C. Chapter 2506 administrative appeal are distinctly different. Langan v. Bd. of Zoning Appeals, 9th Dist. No. 05CA008640, 2005-Ohio-4542, at ¶ 6. *Page 4 
 See, also, Henley v. City of Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
 "The trial court considers the entire record before it and `determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.' Henley, 90 Ohio St.3d at 147. R.C. 2506.04
empowers the court of common pleas to `affirm, reverse, vacate, or modify the order, * * * or remand the cause to the officer or body appealed from with instructions to enter an order, * * * consistent with the findings or opinion of the court.'
 "While [Appellant's] appeal to this Court is also governed by R.C. 2506.01 et seq., `[t]he standard of review to be applied by [this Court] in an R.C. 2506.04 appeal is `more limited in scope.' (Emphasis sic.) Henley, 90 Ohio St.3d at 147, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. In Henley, the Ohio Supreme Court explained its analysis of an appellate court's review procedure stating:
 "`[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' (Citations omitted). Henley, 90 Ohio St.3d at 147." Stoll at ¶ 8-10.
 {¶ 9} In its Judgment Entry, the trial court states that Appellants' assignment of error asserts that the "Appellees improperly failed to name Vrunda, Inc. or Champakbhai N. Patel in its April 2005 Assessment of Lodging Tax." The Judgment Entry then states that Appellants argued that because Vrunda, Inc. was *Page 5 
not properly named as a party, it was stripped of its right to petition for reassessment. The trial court then used R.C. 1329.10(C) to determine that an action can be maintained against a fictitious party (Best Western) and that Vrunda, Inc. and Mr. Patel were sufficiently notified of the Administrative Decision and the assessment.
 {¶ 10} While Appellants' argument before the trial court and on appeal does assert that Vrunda, Inc. was denied its due process rights because it was not named as a party, the main thrust of Appellants' argument to the trial court was that there was no evidence presented to the hearing officer that Vrunda, Inc. was the owner or vendor at the Best Western Inn Suites so as to allow the hearing officer to assess more than $100,000 in lodging taxes against Vrunda, Inc. The Judgment Entry does not address this assigned error.
 {¶ 11} The scope of review by the court of common pleas of an administrative decision is set forth in R.C. 2506.04, which requires the common pleas court to determine if the decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. "`In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the *Page 6 
administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive.'"Scyoc v. Wellington Exempted Village School Dist. Bd. of Ed. (Sept. 24, 1986), 9th Dist. No. 4014, at *1, quoting Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 12} Where a trial court fails to cite substantial, reliable and probative evidence when affirming an administrative agency's decision, it is error. Kohrman v. Cincinnati Zoning Bd. of Appeals,165 Ohio App.3d 401, 2005-Ohio-5965, at ¶ 16. See, also, Coventry Tp. Bd. ofZoning Appeals v. Barensfeld (Aug. 12, 1992), 9th Dist. No. S15191, at *4 (finding trial court's failure to include language demonstrating its consideration of factors necessary to make a determination as to the propriety of an area variance granted by the board of zoning appeals to be reversible error).
 {¶ 13} Here, the trial court failed to consider Appellants' argument that the name Vrunda, Inc. was never even mentioned at the administrative hearing and that there was no evidence that such entity was in any way related to Best Western so as to make it liable for over $100,000 in taxes. Our review of the record in this case supports Appellants' argument that there was no evidence presented during the administrative appeal, which would have supported the hearing officer's or the trial court's determination that Vrunda, Inc. is the owner, vendor, or in any way related to the Best Western so as to establish liability for the taxes in *Page 7 
dispute. The trial court could not have and did not meet its burden of citing substantial, reliable and probative evidence in support of the Administrative Decision so finding. Appellants' first assignment of error is sustained.
 Assignment of Error II "The trial court erred in finding that the Summit County Fiscal Officer was permitted to render a second assessment for the tax year 2001, having previously obtained a judgment against other entities for that same tax year."
 {¶ 14} Appellants assert that the trial court erred when it found that the Appellees properly reassessed the bed tax for the 2001 tax year against Appellants after it had already assessed the tax against the previous owner of the property, Priyanka, Inc. for the same period. Appellants assert that the second assessment was barred by the doctrine of res judicata and by the absence of any provision in the SCO allowing a second assessment.
 {¶ 15} Appellees assert that SCO 703.07(h) entitles them to reassess the property for four years after the tax return day for the period in which the taxable transaction giving rise to the assessment occurred. Appellees also assert that pursuant to SCO 703.08(c), the previous owner could have filed a petition for reassessment within thirty days after the original 2002 assessment was made and failed to do so, thereby making the 2002 assessment conclusive as to Appellants. Appellees then utilize the language and legislative intent of R.C. Chapter 5739 (sales tax statute), and cases analyzing it, to argue that a bed tax assessment is final vis-à-vis the taxpayer if he does not file a petition for reassessment within the *Page 8 
statutorily prescribed time (30 days) but is not final vis-à-vis the political subdivision until the four year statute of limitations has run.
 {¶ 16} In its brief to the trial court, Appellants asserted that "[t]he Summit County Fiscal Officer was [not] permitted to render a second assessment for the tax year 2001, having previously obtained a judgment against other entities for that same tax year." The trial court, however, restated Appellant's assignment of error as, "[w]hether the appellees violated res judicata by using an election of remedies in the assessment of lodging tax against the appellants," which is the exact language used by the Appellees in their brief filed with the trial court. The trial court then determined that under the SCO, Appellees could pursue necessary parties in order to collect tax and that, accordingly, issuing an assessment against one vendor and then issuing a similar assessment against a subsequent vendor of the same business is not an election of remedies because of the successor liability provision of the SCO, i.e., SCO 703.10. The trial court then stated that the defense of res judicata was premature because the principles of joint and several liability and contribution allow Appellees to have two judgments for the same tax liability. According to the trial court, res judicata would not attach until Appellees attempted to collect on the second judgment after having already collected upon the first judgment. Finally, the trial court determined that the transfer of the hotel property is a new event that would have allowed a new assessment when the successive purchaser did not pay the delinquent tax. *Page 9 
 {¶ 17} On appeal to this Court, Appellants argue that the Judgment Entry is erroneous because: (1) Appellants did not argue election of remedies, upon which the trial court substantially relied, and thus, the trial court's analysis of election of remedies is error; (2) there is no support for the trial court's finding that the transfer was a new event permitting a new assessment of a time period occurring three years prior; and (3) there is no support for the proposition that a lodging tax is per se a joint and several liability. Appellants finally argue that the Judgment Entry fails to cite any authority for the latter two propositions of law.
 {¶ 18} Although it is true that the Judgment Entry does not fully address the Appellant's arguments, the trial court's determination that the doctrine of res judicata does not bar the second assessment here is correct. SCO 703.07(h) states:
 "No assessment, however, shall be made or issued against a vendor or consumer for any tax more than four years after the return day for the period in which the taxable transaction giving rise to the assessment of the tax occurred, or after the return for such period was filed, whichever is later."
 {¶ 19} This section limits Appellees' right to assess taxes against a vendor to a period of four years following the date of the taxable transaction thereby implying that assessments can be made at any time during that four year period. Because the original assessment in 2002 was not challenged by the then-owner of the property pursuant to the procedure set forth in SCO 703.08(c), the debt became due and payable to the County in 2002. However, the tax return for this period was never filed and thus, the triggering event of SCO 703.07(h) had not transpired *Page 10 
and Appellees were free to assess taxes against the vendor of the property until such return was filed. They did so in 2005.
 {¶ 20} In Daiquiri Club v. Peck (1953), 159 Ohio St. 52, the Ohio Supreme Court addressed this issue vis-à-vis the sales tax statute and determined that the tax commissioner was free to reaudit a vendor's books for sales tax liability within the four year "statute of limitations" period because the initial tax liability was determined without vendor's records being available. Daiquiri Club, 159 Ohio St.52 at paragraph three of the syllabus. The reaudit, conducted after records were provided, simply corrected the prior assessment. Id. Although the Supreme Court did not directly address the issue of res judicata, it found that the appeal provision of the statute made the assessment conclusive against the vendor if the appeal process was not initiated within 30 days of the assessment. Id. at 55-56. The Supreme Court also found that nothing in the statute made the assessment conclusive against the tax commissioner except the four-year provision of the statute. Id. at paragraph one of the syllabus. This was true, even when the first assessment was actually paid as it was by the vendor in DaiquiriClub. Id. at paragraph three of the syllabus.
 {¶ 21} The appeal provision and four-year statute of limitations provision of the sales tax statute at issue in Daiquiri Club (now codified as R.C. 5739.16 and R.C. 5739.13) are substantially similar to the appeal provision and four year statute of limitations provision in SCO Chapter 703. Moreover, it is Chapter 5739 *Page 11 
of the Ohio Revised Code that authorized Appellees to collect the lodging tax and both sales tax and lodging tax are "trust" type taxes. See SCO 703.04; R.C. 5739. We are therefore persuaded by the Ohio Supreme Court's analysis of the sales tax provision in DaiquiriClub and find it to apply here.
 {¶ 22} Here, the event triggering the running of the four-year time period had not occurred at the time of the second assessment. Moreover, the owner/vendor of the property in 2001, never appealed the assessment utilizing the procedure set forth in SCO 703.08. Finally, as inDaiquiri Club the second assessment was made to correct the previous assessment. The 2005 assessment was made after actual rent receipts were provided to Appellees by Appellants. The first assessment was not based upon actual records because the previous owner refused to provide them despite a request by Appellees to do so. Neither Appellants nor the previous vendor ever paid the assessment.
 {¶ 23} Appellants note that the sales tax statute, as discussed by the Supreme Curt in Daiquiri Club, also contains a provision that expressly allows the tax commissioner to redetermine tax assessments. Moreover, Appellants assert that the Supreme Court's determination in DaquiriClub, was based on reading this provision and the four year statute of limitations provision in pari materia. Appellants then note that there is no provision in the SCO expressly allowing Appellees to conduct a second assessment. We do not find Appellants' argument persuasive. While the Supreme Court did state that all statutory provisions should *Page 12 
be considered and construed together, it also stated that "the time limit prescribed by statute is the four-year period fixed by [R.C.5739.16], and that contains the only provision which specifically limits the period within which the Tax Commissioner's power to determine a vendor's tax liability must be exercised." Daiquiri Club,159 Ohio St. at 57.
 {¶ 24} That the first assessment was reduced to judgment is of no import because both the reduction of an assessment to judgment and the execution of any judgment are discretionary pursuant to R.C. 5739.13(C). A certified copy of the assessment entry may be filed in the office of the clerk after which the clerk shall automatically enter judgment. R.C.5739.13(C). The tax commissioner may then execute upon the judgment in his or her discretion. Id. Thus, regardless of the fact that Appellees had the first assessment reduced to judgment, they were not required to execute upon it and nothing supports the proposition that their failure to do so constituted a waiver of Appellees' right to conduct a reassessment based upon a review of full and complete records and within the statutory time limits. Appellants had the opportunity to and did challenge the second assessment.
 {¶ 25} Based on the foregoing, we hold that the second assessment against Appellants was not barred by the doctrine of res judicata. Appellants' second assignment of error is overruled.
 Assignment of Error III *Page 13 "The trial court erred in finding that Summit County Fiscal Officer was permitted to employ successor liability under Section 703.10 of the Summit County Code against Appellants."
 {¶ 26} Appellants assert that the trial court erred in affirming the Administrative Decision, which allowed Appellees to hold Appellants liable for the assessments against the previous owner. Appellants assert that SCO 730.10 does not permit successor liability in this case because of the nature of the sale, in which no cash changed hands. Appellees assert that the term "purchase money" means more than just cash and can include the assumption of debt and that SCO 730.10 and the similar sales tax statute (R.C. 5739.14) put the burden on the purchaser to ensure that pre-transfer taxes are paid.
 {¶ 27} SCO 703.10 states:
 "703.10 Sale of Entire Business; Successor Liable for Taxes and Penalties Due. If a vendor liable for the tax sells his business or quits his business, the taxes, interest and penalties imposed hereby on taxable rents made prior to that time shall become due and payable immediately, and such person shall make a final return within fifteen days after the date of selling or quitting business. His successor shall withhold a sufficient amount of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until the former owner produces a receipt from the Treasurer showing that the taxes, interest, and penalties have been paid, or a certificate indicating that no taxes are due. If the purchaser of the business fails to withhold purchase money, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid during the operation of the business by the former owner."
 {¶ 28} Appellants assert that the transfer of the Best Western was not a typical transaction in that Appellants did not pay the previous owner in cash. Instead, Appellants argue that "the property was saddled with debt in the form of *Page 14 
mortgages, tax liens, unpaid real property taxes, etc. At the end of the transaction, at closing, the Seller was actually required to put $188,009.85 into the transaction in order to close." (Emphasis sic.) Appellants then assert that because there was no purchase money to withhold in this particular transaction, the trial court could not affirm the Administrative Decision imposing successor liability pursuant to SCO 703.10 on Appellants because the court was required to apply the literal language of the ordinance and here, there was no purchase money to withhold.
 {¶ 29} In its Judgment Entry, the trial court held that SCO 703.10, in conjunction with SCO 703.05, which provides that a vendor has a continuing obligation to pay lodging taxes and any delinquency for late payment, "establishes that a successor who does not ensure that taxes were paid at the time of the transaction/sale will assume liability for those taxes." The trial court then noted that the Ohio Supreme Court has spoken on this issue vis-à-vis the similar sales tax provision (R.C.5739.14), when it stated that the successor statute:
 "[I]mposes a duty upon the purchaser of a business to determine from the Department of Taxation that either the seller owes no accrued sales taxes, or, if such taxes are owed, the amount thereof[.]
 "The purchaser of a business who fails to make such a determination and to withhold any amount owed becomes personally liable[.]" Sloan v. Sloan (1956), 164 Ohio St. 579, at paragraphs one and two of the syllabus.
The Supreme Court then went on to note, in response to due process concerns, that it was the taxpayer's "duty to discover whether such taxes were due at the time *Page 15 
they purchased the business, and, if they had complied with the statutory requirements which they are presumed to know, they would have been completely aware of the tax situation in regard to the business which they were purchasing. Their liability is due completely to their own lack of diligence." Sloan, 164 Ohio St. at 584.
 {¶ 30} Appellants urge us to adopt a broader definition of "purchase money" so as to find it to include the assumption of debt. While we decline to define the statutory term, we do find that that the trial court's interpretation of Ohio law, which puts the burden on Appellants to structure their purchase transaction so as to protect them from a tax liability, is a reasonable interpretation of the law. Ohio law addressing the similar sales tax provision and SCO 703.10 establish that it is reasonable to conclude that successor liability was intended to apply to all buyers, not just those who pay cash to the seller.
 {¶ 31} Appellants' third assignment of error is overruled.
 Assignment of Error IV "The trial court erred in upholding the Summit County Fiscal Office's decision to assess certain penalties to Best Western Inn Suites."
 {¶ 32} In their last assignment of error, Appellants argue that even if they could be held liable for the tax debt of the previous owner, the trial court erred in affirming the Administrative Decision that assessed two penalties against Appellants on the pre-transfer tax debt. Specifically, Appellants claim a 25% *Page 16 
audit penalty assessed against them pursuant to SCO 703.07(g)(7) and the 10% failure to file penalty assessed pursuant to SCO 703.05(e) were erroneous. Appellees assert that penalties were properly imposed as they accrued automatically on the tax debt of the previous owner and therefore the previous owner was liable for these penalties even though they were not assessed until after Appellants purchased the property. We will discuss each penalty provision separately.
1. Ten Percent Penalty
 {¶ 33} The ten percent penalty was assessed pursuant to SCO 703.05(e), which states:
 "Any vendor who fails to file a complete return as required hereby shall, forfeit and pay into the County treasury a penalty of ten percent (10%) of the amount of the tax and such may be collected by assessment in the manner provided herein."
SCO 730.10 allows Appellees to assess Appellants for all "taxes, interest and penalties accrued and unpaid[.]"
 {¶ 34} In its Judgment Entry, the trial court discussed all of the filing requirements of SCO 703.05 and determined that the 10% penalty was automatic in nature and therefore the previous owner owed this penalty as of the date of the transfer, which as previously discussed could be assessed against Appellants pursuant to the successor liability provision (SCO 730.10). We agree. The use of the word "shall" in the ordinance lends itself to an interpretation that the penalty is automatic in nature and thus, even though not officially assessed against the *Page 17 
previous owner, it had accrued and was unpaid at the time of the transfer. As noted in our discussion of Appellants' second assignment of error, the tax and related penalties could have been assessed for four years following the filing of the return for the period covered by the 2005 assessment, which neither the Appellants or the previous owner ever filed.
2. Twenty-Five Percent Audit Penalty
 {¶ 35} SCO 703.07(g)(7) authorizes Appellees to impose a 25% penalty where the vendor engages in one of seven types of conduct. The trial court found that Appellants had engaged in the conduct described in SCO 703.07(G)(2), (3), (5), and (7) and that the previous owner had violated SCO 703.07(g)(2), (3), (5), and (7). The trial court also found that at the time of the 2005 assessment, Appellants remained guilty of SCO 703.07(g)(5) and (7), i.e., that they still had failed to remit the tax; failed to remit the correct amount of tax; and failed to file a full and complete return.
 {¶ 36} Appellants argue that the 25% penalty is not automatic and, therefore, had not accrued pre-transfer. By this logic Appellants urge us to find that since the penalty had not accrued it could not be assessed against them pursuant to SCO 703.10. Appellees argue that "accrual" is an accounting concept and that penalties accrue as the conduct happens. This is a distinct concept from an assessment, which is a mechanism by which Appellees can collect the taxes and penalties owed. *Page 18 
 {¶ 37} The trial court found that the 25% penalty was charged based on the bad faith conduct of the current vendor (Appellants) and the previous vendor. Accordingly, pursuant to SCO 703.10, Appellants were liable for the previous owner's tax, interest, and penalties, and the penalty was properly assessed. The trial court noted that the previous owner would be liable for the 19 month period in which it owned the property and the Appellants would be liable for the 25% penalty on the entire 31 month period because the tax had not yet been paid and no tax returns had been filed by either vendor.
 {¶ 38} We find the trial court's analysis to conform with Ohio law. As we found with the 10% failure to file penalty, the word "shall" in SCO 703.07(g)(7) implies that the 25% penalty is automatic and therefore, it could have been assessed in 2002 as soon as the previous owner engaged in the conduct set forth in SCO 703.07(g). That Appellees had not yet assessed the penalty is of no import; it had accrued and remained unpaid at the time of the transfer thereby making Appellants liable for its payment pursuant to SCO 703.10.
 {¶ 39} Appellants' fourth assignment of error is overruled.
 {¶ 40} Appellants' second, third and fourth assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed in part. Appellants' first assignment of error is sustained and the judgment of the Summit County Court of Common Pleas affirming the Administrative Decision which assessed the delinquent tax and penalties against *Page 19 
Vrunda, Inc. is reversed. The trial court is instructed to commence proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed equally to all parties. *Page 20 
 WHITMORE, J. MOORE, J. CONCUR *Page 1