DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant James Davis appeals from the judgment of the Summit County Court of Common Pleas, affirming the decision of the Board of Zoning Appeals. This Court reverses.
 I. {¶ 2} Phyllis Patti Davis owned the property located at 31 10th St., S.W., Barberton, Ohio 44203 until her death on May 27, 1998. Subsequently, the Barberton Building Department ordered the house on the property condemned and gave Phyllis's administrator, James Davis, twenty days to raze the structure. *Page 2 
Davis appealed the Department's order to the Board of Zoning 
Building Appeals ("the Board").
 {¶ 3} On September 21, 2006, the Board held a hearing in the matter and voted to deny Davis's appeal. The Board accepted the minutes of its meeting as presented and entered its decision upon the official record on October 20, 2006. Davis received a letter from the Board notifying him of its decision. Thereafter, Davis appealed the Board's decision to the Summit County Court of Common Pleas. That court reviewed the transcript of the Board's hearing and the Board's letter to Davis. On May 31, 2007, the court denied Davis's appeal and affirmed the Board's order to raze the property. Davis has timely appealed the court's decision, raising five assignments of error for review. We consider the assignments of error out of order to facilitate our review.
 II. ASSIGNMENT OF ERROR III "THE DECISION OF THE TRIAL COURT AND THE BOARD OF ZONING AND BUILDING APPEALS IS ARBITRARY, CAPRICIOUS, UNREASONABLE, UNCONSTITUTIONAL, ILLEGAL, AND UNSUPPORTED BY A PREPONDERANCE OF THE EVIDENCE INTRODUCED AT HEARING AND CONTRARY TO THE EVIDENCE PRESENTED BY PLAINTIFF-APPELLANT IN THAT THE BOARD FAILED TO CONSIDER THAT ANY ALLEGED NUISANCE COULD BE ABATED BY MEASURES LESS ONEROUS THAN CONDEMNATION AND RAZING. ADDITIONALLY, THE EVIDENCE CLEARLY ESTABLISHED THAT THE STRUCTURE ON THE PROPERTY WAS STRUCTURALLY SOUND, THAT REPAIRS WERE ECONOMICALLY FEASIBLE, AND THE PROPERTY WAS OTHERWISE VALUABLE." *Page 3 
 {¶ 4} Davis argues that the trial court erred in denying his appeal from the Board's decision because that decision ignored the evidence on valuation that Davis presented the Board. We agree.
 {¶ 5} R.C. Chapter 2506 governs appeals of decisions by agencies of political subdivisions. See, e.g., White v. Summit Cty., 9th Dist. No. 22398, 2005-Ohio-5192, at ¶ 10. The standards of review applied by the trial court and the appellate court in a R.C. 2506 administrative appeal are distinct. Langan v. Bd. of Zoning Appeals, 9th Dist. No. 05CA008640,2005-Ohio-4542, at ¶ 6; see, also, Henley v. Youngstown Bd. of ZoningAppeals (2000), 90 Ohio St.3d 142, 147.
 {¶ 6} The trial court considers the entire record before it and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Id. R.C. 2506.04 empowers the court of common pleas to "affirm, reverse, vacate, or modify the order, * * * or remand the cause to the officer or body appealed from with instructions to enter an order, * * * consistent with the findings or opinion of the court."
 {¶ 7} While Davis's appeal to this Court is also governed by R.C.2506.01 et seq., "[t]he standard of review to be applied by [this Court] in an R.C. 2506.04 appeal is `more limited in scope.'" (Emphasis omitted.) Henley, 90 Ohio St.3d at 147, quoting Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34. In Henley, the Ohio Supreme Court explained its analysis of an appellate court's review procedure: *Page 4 
 "[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted.) Henley, 90 Ohio St.3d at 147.
 {¶ 8} The Board determined that Davis's property was "Unsafe for Human Occupancy" and "Condemned" pursuant to Sections 108.1.3 and 110.1 of the Building Officials and Code Administrators (BOCA) National Property Maintenance Code, as adopted by the City of Barberton. Those Sections provide, in relevant part:
 "Section 108.1.3. A structure is unfit for human occupancy whenever the code official finds that such structure is unsafe [or] unlawful[.]
 "Section 110.1. The code official shall order the owner of any * * * structure, which in the code official's judgment is so old, dilapidated, or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation or occupancy, and such that it is unreasonable to repair the structure, to demolish and remove the structure; or if such structure is capable of being made safe by repairs, to repair and make safe and sanitary or to demolish and remove at the owner's option[.]" (Emphasis added.)
From the plain language of Section 110.1, a code official must first determine that it is "unreasonable to repair" a structure before the official can condemn the property. Similarly, the Barberton Municipal Code instructs: *Page 5 
 "Any building * * * damaged by wear and tear, deterioration and depreciation to such an extent that the cost of repair and rehabilitation to place it in a safe, sound and sanitary condition exceeds 100 percent of the assessed valuation at the time when repairs or rehabilitation are to be made shall not be so repaired or rehabilitated[.] * * * A building * * * damaged by wear and tear, deterioration and depreciation to such an extent that the cost of repair and rehabilitation exceed the assessed valuation shall be deemed unfit for occupancy and use[.]" (Emphasis added.) Section 1493.05(b).
 {¶ 9} The record reflects that Davis presented several pieces of evidence at the hearing before the Board that dealt with the valuation of the property at issue. Davis presented a contractor's proposal, which estimated that it would cost approximately $1,600 to repair the major defects in the property. Additionally, Davis presented the Board with a report from a property appraiser. That appraiser determined that the "as-is" value of the property was between $9,600-$25,000, and the value of the property if repaired would be between $15,000-$30,000. No one presented any evidence at the hearing to contradict or challenge Davis's evidence that the property could be repaired for a relatively low sum. Indeed, the record reflects that the property maintenance inspector who evaluated Davis's property and determined that it should be condemned never entered the structure. In response to Davis's evidence, the Board simply opined that the contractor's estimate seemed unreasonable and that it doubted Davis had the ability to fix the structure.
 {¶ 10} Contrary to the BOCA National Property Maintenance Code and the Barberton Municipal Code, the Board failed to consider whether it was *Page 6 
unreasonable for Davis to repair the property. The evidence before the Board suggested that Davis could repair the structure for approximately $1,600, an amount far less than either the assessed "as-is" or repair valuation of the property. Without a single piece of evidence to controvert Davis's valuations before it, the Board could not have properly determined that it was appropriate to order demolition of Davis's property. See Barberton Municipal Code Section 1493.05(b) (requiring cost to repair to exceed 100 percent of the assessed valuation of the building); Weber v. Obuch, 9th Dist. No. 05CA0048-M,2005-Ohio-6993, at ¶ 33-36 (finding error where magistrate disregarded uncontroverted evidence as to the market value of appellant's real property); Smith v. Unemployment Compensation Bd. of Review (July 19, 1983), 5th Dist. No. CA-1739, at *3 (reversing trial court's affirmance of Unemployment Board's decision when no evidence was offered at the hearing to contradict plaintiffs evidence). As a matter of law, it was error for the Board to order demolition despite uncontroverted evidence of the property's value. See Henley, 90 Ohio St.3d at 147.
 {¶ 11} In its journal entry, the trial court provided that the "property constitutes a public nuisance and is a danger to the public health, safety and welfare." The court made no mention of Davis's assessed valuation evidence. The court simply affirmed the Board's decision based on the building code violations on the property. Where a trial court fails to cite substantial, reliable and *Page 7 
probative evidence when affirming an administrative agency's decision, it is error. Kohrman v. Cincinnati Zoning Bd. of Appeals,165 Ohio App.3d 401, 2005-Ohio-5965, at ¶ 16; see, also, Coventry Twp. Bd. ofZoning Appeals v. Barensfeld (Aug. 12, 1992), 9th Dist. No. S15191, at *4 (finding trial court's failure to include language demonstrating its consideration of factors necessary to make a determination as to the propriety of an area variance granted by the board of zoning appeals to be reversible error). Here, the trial court failed to consider Davis's argument that, "repairs were economically feasible, [and] the property was otherwise valuable." Because the trial court did not consider Davis's valuation evidence, it could not and did not meet its burden of citing substantial, reliable, and probative evidence in support of the Board's finding. See Best Western Inn Suites v. Summit Cty. ExecutiveOfficer, 9th Dist. No. 23657, 2007-Ohio-6297, at ¶ 12-13. Consequently, the trial court's decision must be reversed and the demolition order of the Board vacated. Davis's third assignment of error is sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING AS MANDATED BY R.C. § 2506.03 AS THE DECISION OF THE BOARD OF ZONING APPEALS IS DEFECTIVE ON ITS FACE IN THAT IT FAILS TO MAKE ANY CONCLUSIONS OF FACT SUPPORTING ITS DECISION." *Page 8 
 ASSIGNMENT OF ERROR II "THE ORDER OF THE TRIAL COURT AND THE BOARD OF ZONING APPEALS VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS APPLIED TO THE STATES BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I §§ 1, 10, 16, 18, AND 19 OF THE OHIO CONSTITUTION BY AFFIRMING THE CONDEMNATION OF THE PROPERTY LOCATED AT 31 10TH STREET, BARBERTON, OHIO AS IT IS BASED ON EVIDENCE THAT WAS NOT PRESENTED AT HEARING OR OTHERWISE PROPERLY INTRODUCED INTO THE RECORD."
 ASSIGNMENT OF ERROR IV "THE RULING OF THE TRIAL COURT AFFIRMING THE DECISION OF THE BOARD OF ZONING AND BUILDING APPEALS IS ARBITRARY, CAPRICIOUS, UNREASONABLE, UNCONSTITUTIONAL, ILLEGAL, AND UNSUPPORTED BY A PREPONDERANCE OF THE EVIDENCE INTRODUCED AT HEARING AND CONTRARY TO THE EVIDENCE PRESENTED BY PLAINTIFF-APPELLANT IN THAT THE TRUE INTENT OF THE BOCA CODE WAS NOT CORRECTLY INTERPRETED, THE PROVISIONS OF SAME DO NOT FULLY APPLY, AND THE REQUIREMENTS OF THE CODE ARE ADEQUATELY SATISFIED BY OTHER MEANS, ESPECIALLY WHEN THE BUILDING DEPARTMENT HAD NEVER ISSUED ANY ORDERS TO COMPLY TO MAKE REPAIRS TO THE PROPERTY PRIOR TO ISSUING THE DECLARATION OF CONDEMNATION."
 ASSIGNMENT OF ERROR V "THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} In his remaining assignments of error, Davis challenges the trial court's underlying decision affirming the Board's decision. Given this Court's *Page 9 
resolution of Davis's third assignment of error, his first, second, fourth, and fifth assignments of error are rendered moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 13} Davis's third assignment of error is sustained. His remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the Board's order is hereby modified so as to vacate the demolition order.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 10 
Costs taxed to Appellee.
MOORE, P. J., DICKINSON, J., CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1