[Cite as *King v. Akron Metro. Hous. Auth.*, 2011-Ohio-2884.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ANDREA L. KING

     Appellant

     v.

AKRON METROPOLITAN HOUSING
AUTHORITY

     Appellee

C.A. No.     25664

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2009 06 4533

DECISION AND JOURNAL ENTRY

Dated: June 15, 2011

WHITMORE, Presiding Judge.

{¶1} Plaintiff-Appellant, Andrea King, appeals from the judgment of the Summit County Court of Common Pleas, affirming the decision of the Akron Metropolitan Housing Authority ("AMHA"). This Court affirms.

I

{¶2} King began receiving housing assistance vouchers through the federal Housing Choice Voucher Program ("HCVP") in November 2006. In order to receive vouchers from the program, King had to agree to comply with HCVP's guest policy. Specifically, King agreed not to allow others to live at her residence without the prior approval of the Public Housing Authority ("Housing Authority"). The Housing Authority considers a guest to be an unauthorized household member if he or she stays at a housing unit for more than four consecutive days or a total of fifteen days within a twelve-month period.

{¶3} In early 2009, AMHA notified King that her housing benefits were in jeopardy based on its understanding that she had violated HCVP's guest policy. A hearing was held before an AMHA hearing officer on April 22, 2009. The hearing officer ultimately concluded that King had violated the guest policy. Consequently, he issued a decision terminating her HCVP participation. King then filed a notice of appeal in the Summit County Court of Common Pleas, challenging the hearing officer's decision.

{¶4} Both King and AMHA filed briefs in the trial court. On November 25, 2009, King filed a reply brief as well as a packet of documents, several of which had never appeared in the record at the administrative level. AMHA moved to strike the packet of documents that King filed along with her reply brief. King did not respond to AMHA's motion to strike. On October 15, 2010, the trial court granted the motion to strike and affirmed AMHA's decision to terminate King's participation in HCVP.

{¶5} King now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRED IN DECISION OF OCTOBER 15, 2010 UPHOLDING THE DECISION TO STRIKE APPELLANTS REPLY BRIEF FILED NOVEMBER 25, 2009 CAUSING THE APPELLANT TO BE DENIED OPPORTUNITY TO ACTUALLY PROVE WITH NEW FOUND AND OFFERED EVIDENCE THAT NO ONE BESIDES APPELLANT DID RESIDE AT 228 GALE ST., AKRON, OH 44302, QUESTIONING THE VALUE OF THE PRIMARY CAUSE AND PHONE CALL OF THIS ACTION BY WILLIAM BROWN NEVER PRESENT AT HEARING OR THE VALUE OF THE TRUTH OF SAID PHONE CONVERSATION WITH OFFICER BASSET ON DECEMBER 8, 2008. ERRORS IN INVESTIGATION INCLUDE NO INVESTIGATION OF EITHER LUDIE L. GAINES OR THE CREDIBILITY OF WILLIAM BROWN PERIOD." (Sic.)

{¶6}    In her sole assignment of error, King argues that the trial court erred by affirming AMHA's decision to terminate her HCVP participation. We disagree.

{¶7}    Initially, we note that King has appeared pro se throughout these proceedings as well as on appeal. With respect to pro se litigants, this Court has held as follows:

> "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [she] remains subject to the same rules and procedures to which represented litigants are bound. [She] is not given greater rights than represented parties, and must bear the consequences of [her] mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party." (Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶3.

We read King's argument as twofold. First, she argues that the court erred by striking the evidence she set forth in support of her reply brief. Second, she argues that the court erred by refusing to believe that she did not allow an unauthorized family member to live with her in violation of HCVP's guest policy.

{¶8}    Administrative appeals initiated under R.C. 2506.04 require the trial court to "consider[] the entire record before it and 'determine[] whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.'" *Summit Cty. v. Stoll*, 9th Dist. No. 23465, 2007-Ohio-2887, at ¶9, quoting *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147. Based on its review, the trial court may "affirm, reverse, vacate, or modify the order[.]" R.C. 2506.04. The trial court's judgment "may be appealed by any party on questions of law." Id. Whether the trial court abused its discretion is "[w]ithin the ambit of 'questions of law' for appellate court review[.]" *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, fn.4. An appellate court's review in such an instance, however, "does not include the same

extensive power to weigh 'the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court." *Henley*, 90 Ohio St.3d at 147; *Kisil*, 12 Ohio St.3d at 34, fn.4. Rather, we must affirm the trial court's decision if such evidence exists in the record. *Summit Cty. v. Stoll*, 9th Dist. No. 24681, 2009-Ohio-6615, at ¶6, citing *Kisil*, 12 Ohio St.3d at 34. "Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Henley*, 90 Ohio St.3d at 147.

{¶9}     AMHA moved to strike the additional packet of materials that King filed along with her reply brief on the basis that the materials were not a part of the administrative record.

> "Under R.C. 2506.03(A)(1), the administrative appeal before the common pleas court 'shall proceed as in the trial of a civil action, but the court shall be confined to the transcript [of the agency's hearing] unless it appears, on the face of that transcript or by affidavit filed by the appellant, that *** [t]he transcript does not contain a report of all evidence admitted or proffered by the appellant.' If this exception applies, then 'the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party.'" *Stace Development, Inc. v. Wellington Twp. Bd. of Zoning Appeals*, 9th Dist. No. 04CA008619, 2005-Ohio-4798, at ¶10, quoting R.C. 2506.03(A).

The record contains a transcript of the hearing before the AMHA hearing officer as well as the exhibits introduced at the hearing. On its face, the transcript does not appear to be incomplete, and King did not support her additional filing with an affidavit, alleging any deficiency in the transcript. King also did not respond to AMHA's motion to strike. Further, she has not provided this Court with any argument as to why the trial court erred by applying R.C. 2506.03 and refusing to consider the additional materials she filed. See App.R. 16(A)(7). Based on our review of the record, the trial court did not err by granting AMHA's motion to strike and confining its review to the transcript of the AMHA hearing.

{¶10} The trial court determined that King violated HCVP's guest policy by allowing a man named Ludie Gaines to reside at her Gale Street apartment without the prior authorization of the Housing Authority. King argues that she did not violate the guest policy because Gaines did not live with her. At the AMHA hearing, however, King admitted that Gaines spent the night at her apartment approximately one to two times per week since his departure from prison in September 2007. Gaines also testified that he would stay with King about two times per week. Moreover, the hearing officer heard testimony from Elizabeth Kaisk, an AMHA employee, and Russell Bassett, an Akron Police Officer who investigates potential Housing Authority violations for AMHA. Kaisk testified that King was the only authorized household member on file with AMHA for King's Gale Street apartment and that King last signed HCVP's guest policy in July 2008. Officer Bassett testified that he spoke with King in late 2008 while investigating a complaint that she was housing an unauthorized household member. According to Officer Bassett, King told him that Gaines lived at her apartment, kept clothing there, and received his mail there.

{¶11} HCVP's guest policy provides, in relevant part, as follows:

"The composition of the assisted family residing in the unit must be approved by the [Housing Authority]. *** The family must request, in writing, [Housing Authority] approval to add any other family member as an occupant of the unit. *** Any adult not included on the [Housing Authority approval list] who has been in the unit more tha[n] four consecutive days, or a total of 15 days in a 12-month period, will be considered to be living in the unit as an unauthorized household member. *** I understand that AMHA is authorized to cancel housing assistance to my family for failure to comply with the above mentioned Family Obligations."

King signed a copy of the foregoing guest policy on June 14, 2008.

{¶12} By King's own testimony, Gaines resided at her apartment at least once a week since late 2007, which amounted to more than fifteen total days in a twelve-month period.

Because the record supports the conclusion that King violated HCVP's guest policy, the trial court did not err by affirming AMHA's decision to terminate King's HCVP participation. King's sole assignment of error is overruled.

## III

{¶13} King's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

ANDREA L. KING, pro se, Appellant.

JAMES D. CASEY, Attorney at Law, for Appellee.